IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HERBERT FEIST | § | |
| VS. | § | CIVIL ACTION NO.   1:23-CV-338 |
| COURT OF CRIMINAL APPEALS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Herbert Feist, a prisoner confined at the Jefferson County Jail, proceeding *pro se*, brought this petition for writ of mandamus pursuant to 28 U.S.C. § 1651.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner alleges he is in custody for an alleged violation of his parole.  Petitioner contends that his confinement is unlawful because his criminal sentence was expired when he was arrested for the parole violation.  Petitioner requests the court to order his release from state custody.

Analysis

Generally, federal courts do not interfere with ongoing state criminal prosecutions.  *Younger v. Harris*, 401 U.S. 37, 46 (1971).  Federal courts are required to decline to exercise jurisdiction over lawsuits when:  (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the petitioner has an adequate opportunity to raise constitutional challenges in the state proceedings.

*Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). If these three criteria are met, a federal court may exercise jurisdiction only if one of three exceptions applies. *Id*. A federal court may disregard *Younger* and exercise jurisdiction if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the petitioner; (2) the state statute flagrantly violates constitutional prohibitions as written and as applied in any circumstance; or (3) application of the *Younger* doctrine was waived. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

The *Younger* abstention doctrine applies in this case because granting Petitioner the relief he seeks would interfere with an ongoing state criminal revocation proceeding, the state has an important interest in enforcing its criminal laws, and Petitioner has the opportunity to raise his constitutional claims during the state proceedings. Petitioner has not demonstrated that any of the three exceptions to abstention apply in this instance. Accordingly, the petition should be dismissed for lack of jurisdiction.

## Recommendation

This petition for writ of mandamus should be dismissed.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996); 28 U.S.C. § 636; FED. R. CIV. P. 72.

SIGNED this 2nd day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge